# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELCI MARTINEZ DUBOIS, WIFE OF/AND JACOB DUBOIS** | * * * | **CIVIL NO. _____** |
| *Plaintiffs,* | * * | **JUDGE _____** |
| | * | **MAG. JUDGE _____** |
| **v.** | * * | |
| **MITCHELL QUAID WEISINGER, SPARKS ENERGY, CONTINENTAL CASUALTY COMPANY AND ARCH INSURANCE COMPANY** | * * * * | |
| *Defendants,* | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Sparks Energy ("Sparks"), Defendant, Mitchell Quaid Weisinger ("Weisinger"), and Defendant, Continental Casualty Company ("CNA"), hereinafter collectively referred to as "Removing Defendants," who, without waiving any of their rights or defenses, hereby file this Notice of Removal and remove the state court action entitled *Kelci Martinez Dubois, et al. v. Mitchell Quaid Weisinger, et al.,* Docket No. 829-115, Division "F," 24th Judicial District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana. The remaining named Defendant, Arch Insurance Company ("Arch"), consented to this Notice of Removal. In support of this removal, the Removing Defendants state as follows:

## INTRODUCTION AND BACKGROUND

1.

On June 10, 2022, Plaintiffs, Kelci Martinez Dubois and Jacob Dubois, filed an action captioned *Kelci Martinez Dubois, et al. v. Mitchell Quaid Weisinger, et al.,* Docket No. 829-115, Division "F," 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[1]  Plaintiffs allege that while in the course and scope of Weisinger's employment with Sparks, a vehicle driven by Weisinger struck a vehicle driven by Plaintiff Jacob Dubois, resulting in personal injury.[2]

2.

Plaintiffs' Petition named four (4) Defendants, all of whom are not domiciled in Louisiana and are completely diverse in citizenship from Plaintiffs, who are resident citizens of Louisiana.[3]

3.

On July 27, 2022, Intervenors, Bronco Industrial Services, LLC ("Bronco") (Plaintiff Jacob Dubois' employer) and National Union Fire Insurance Company of Pittsburgh ("National Union") (Bronco's workers compensation insurance carrier) filed a Petition of Intervention in this matter.[4] Intervenors' pleading declares their interest in the outcome of this suit as being based on their payments to Plaintiff Jacob Dubois for workers' compensation benefits, medical expenses, and other benefits, payments and expenses.[5]

---

[1] *See* Plaintiffs' Petition, attached as Exhibit "A."
[2] *Id.*at ¶¶4—7.
[3] *See id.*at ¶1.
[4] *See* Intervenors' Petition of Intervention, attached as Exhibit "B."
[5] *See id.*at §III.

## BASIS FOR JURISDICTION IN THIS COURT

4.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Louisiana is the district and division within which the above described state court action, specifically the 24th Judicial District Court for the Parish of Jefferson, is pending and, as a result, venue is proper in this Court for removal of the Plaintiffs' action under 28 U.S.C. §§ 1332 and 1441.

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 & 1446, because all Plaintiffs and all Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand and no/100 dollars ($75,000.00), exclusive of interest and costs, and thus, satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

6.

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of July 5, 2022, when CNA was served with Plaintiffs' Citation and Petition.[6] Plaintiffs have not yet perfected service on Sparks and Weisinger.

## COMPLETE DIVERSITY OF CITIZENSHIP

7.

Removal of this action from state court to federal court is authorized by the diversity jurisdiction and removal statutes, 28 U.S.C. §§ 1332, 1441, *et seq.*

---

[6] *See* Return of Service on Continental Casualty Company, attached as Exhibit "C."

8.

A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between the named plaintiffs and all properly joined and served defendants and no defendant is a citizen of the forum state.[7]  Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[8]

9.

Plaintiffs, Kelci Martinez Dubois and Jacob Dubois, are domiciliaries and citizens of the State of Louisiana.[9]  Accordingly, at the time this action was commenced and at the time of filing this Notice of Removal, Plaintiffs were and are citizens of Louisiana for purposes of diversity jurisdiction.

10.

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business.[10]  An incorporated insurance company is a citizen of the state in which it is incorporated and where it has its principal place of business.[11]

11.

Each Defendant's citizenship is as follows:

a. Sparks Energy is a Delaware corporation whose principal place of business is in Alabama. Therefore, Sparks Energy is a citizen of Delaware and Alabama for diversity purposes.[12]

b. Mitchell Quaid Weisinger's domicile is in Oklahoma. Therefore, Weisinger is a citizen of Oklahoma for diversity purposes.[13]

---

[7] *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).
[8] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)).
[9] Exhibit "A," ¶1.
[10] 28 U.S.C. Section 1332 (c)(1).
[11] 28 U.S.C.A. § 1332(c)(1).
[12] *See* Sparks' Consent to Removal, attached as Exhibit "D."
[13] *See* Weisinger's Consent to Removal, attached as Exhibit "E."

c.  Continental Casualty Company is a Delaware corporation whose principal place of business is in Illinois.  Therefore, CNA is a citizen of Delaware and Illinois for diversity purposes.[14]

d.  Arch Insurance Company is a Missouri corporation whose principal place of business is in New Jersey. Therefore, Arch is a citizen of Missouri and New Jersey for diversity purposes.[15]

12.

Intervenor National Union is a Pennsylvania corporation whose principal place of business is in Pennsylvania.[16] National Union is a citizen of Pennsylvania for diversity purposes.

13.

Removing Defendants note that Intervenor Bronco is a Louisiana Limited Liability Company whose principal place of business is in Louisiana.[17] Therefore, generally, Bronco is a citizen of Louisiana for diversity purposes. However, an intervenor's presence in an action does not destroy diversity jurisdiction even though it is a resident of the same state as another party, if the action can be decided without the presence of the intervenor (said another way, the intervenor is not an indispensable party).[18]

Here, Intervenor Bronco is not an indispensable party. La. C.C.P. art. 641 provides that "indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action."[19] Louisiana

---

[14] *See* CNA's Consent to Removal, attached as Exhibit "F."

[15] *See* Arch Insurance Company's Consent to Removal, attached as Exhibit "G."

[16] See National Union's Subsistence Certificate, attached as Exhibit "H."

[17] *See* Bronco's Application for Registration of a Foreign Limited Liability Company, attached as Exhibit "I."

[18] *See, e.g.*, *Tex. & N. O. R. Co. v. City of New Orleans*, 22 F.R.D. 84, 88 (E.D. La. 1958); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978) ("the exercise of ancillary jurisdiction over nonfederal claims has often been upheld in situations involving impleader, cross-claims or counterclaims.").

[19] *Fitch v. Toys "R" Us-Delaware, Inc.*, 04-68 (La. App. 5 Cir. 5/26/04, 4–5); 876 So.2d 185, 187, writ denied sub nom. *Fitch v. Toys "R" Us--Delaware, Inc.*, 2004-1583 (La. 10/1/04); 883 So.2d 994 (citing *Pecoraro v. The Napoleon Room, Inc.*, 95–00511 (La. App. 5 Cir. 12/13/95), 666 So.2d 1151, 1154).

courts have repeatedly held that parties with a right of subrogation or a right of reimbursement are not indispensable parties.[20] Therefore, Bronco's Louisiana citizenship does not affect the diversity analysis for this matter.

14.

No Defendant in this matter is a citizen of the State of Louisiana.  Both Plaintiffs are Louisiana citizens . Intervenors are not indispensable parties, therefore their citizenship does not interfere with the parties' diversity. Thus, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332 and 1441, *et seq*.

**REMOVAL IS TIMELY**

15.

28 U.S. Code §1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is timely because it is filed within thirty (30) days of July 5, 2022 when CNA was served with Plaintiffs' Citation and Petition.[21] Plaintiffs have not yet perfected service on Sparks and Weisinger.

**THE REQUISITE AMOUNT IN CONTROVERSY IS SATISFIED**

16.

The gravity and quantity of the injuries alleged makes it apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in

---

[20] *Id.*
[21] *See* Return of Service on Continental Casualty Company, attached as Exhibit "C."

controversy exceeds $75,000.[22]  When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[23]  The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.[24]

17.

Plaintiffs' Petition alleges that the collision at issue "caused Plaintiff Jacob Dubois to sustain serious and debilitating injuries to his body including severe neck and back pain, headaches, with radiating problems to his extremities, server post-traumatic stress, anxiety, and other injuries," and seeks damages for pain and suffering, post-traumatic stress, anxiety, and mental anguish, medical expenses, disability, loss of enjoyment of life, impairment of earnings, and lost wages, as well as the damages allegedly sustained by Plaintiff Kelci Martinez Dubois, including metal anguish, economic damages, and loss of consortium.[25]  Accordingly, it is facially apparent that the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332.

**ALL DEFENDANTS CONSENT TO THIS REMOVAL**

18.

All named Defendants consent to this removal in accordance with 28 U.S.C. 1446(b)(2)(A).[26]

---

[22] 28 U.S.C. § 1332.
[23] *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir.1993).
[24] *Id.*
[25] Exhibit A, ¶19.
[26] *See* Consents to Removal, Exhibits "D"–"G."

19.

A copy of this Notice of Removal will be filed with the Clerk of Court of the 24th Judicial

District Court for the Parish of Jefferson, State of Louisiana.  Removing Defendants will also

provide all parties with a timely copy of this Notice of Removal.

**WHEREFORE,** Sparks Energy, Mitchell Quaid Weisinger, and Continental Casualty

Company pray that the above entitled state court action, now pending in the 24th Judicial District

Court for the Parish of Jefferson, State of Louisiana, be accepted as removed to the United States

District Court for the Eastern District of Louisiana.

Respectfully submitted,

**GORDON & REES SCULLY**
**MANSUKHANI, LLP**

Kay Baxter /s/

Kay Baxter (LSBA No. 22938)
Jay R. Boltin (LSBA No. 29765)
201 St. Charles Ave., Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 528-3088
Facsimile:  (504) 208-3670
kbaxter@grsm.com
jboltin@grsm.com

*Attorneys for Sparks Energy, Mitchell Quaid*
*Weisinger, and Continental Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 4th day of August, 2022, served a copy of the foregoing pleading on Plaintiffs' counsel by one of the following methods, in accordance with the Federal Rules of Civil Procedure:

☐ by placing a copy in the U.S. Mail, properly addressed and first-class postage prepaid

☐ by Certified Mail, properly addressed and first-class postage prepaid

☐ by facsimile

☐ by hand delivery

☒ by electronic delivery

In addition, all remaining counsel of record have been served via electronic delivery.

Kay Baxter */s/*
**KAY BAXTER**