835

24TH All.

~~24TH~~ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 829-115                                    DIVISION " " **F**

KELCI MARTINEZ DUBOIS, WIFE OF/AND JACOB DUBOIS

VERSUS

MITCHELL QUAID WEISINGER, SPARKS ENERGY, CONTINENTAL CASUALTY COMPANY AND ARCH INSURANCE COMPANY

FILED: _____          _____
                                                    DEPUTY CLERK

## P E T I T I O N

The petition of **KELCI MARTINEZ DUBOIS, WIFE OF/AND JACOB DUBOIS**, both persons of the full age of majority and domiciled in the Parish of Lafourche, State of Louisiana, with respect represent:

1.

Made defendants herein are:

a.   **MITCHELL QUAID WEISINGER**, (hereinafter referred to as "Weisinger") an individual of the full age of majority domiciled at 64446 E 1785 Rd., Wyandotte, OK 74370 and was the driver of the motor vehicle, which was involved in the subject accident.

b.   **SPARKS ENERGY, INC.**, (hereinafter referred to as "Sparks") a Delaware corporation doing business in the State of Louisiana at all material times hereto, whose registered agent is Ottis J. Sparks, 1370 Kirby Bridge Road, Danville, AL 35619; employer of Weisinger at the time of the subject accident.

c.   **CONTINENTAL CASUALTY COMPANY** (hereinafter referred to as "CNA"), a foreign insurance company authorized to do and conducting business in the State of Louisiana and which had in full force and effect an insurance policy, bearing policy no. 7015563761, providing commercial automobile liability insurance to defendant, SPARKS, for the claims such as those made the subject of plaintiffs' action.

d.   **ARCH INSURANCE COMPANY** (hereinafter referred to as "Arch") a foreign insurance company authorized to do and doing business in the State of Louisiana, who had in full force and effect an insurance policy, policy no. UXP104657100, providing excess insurance to

Page 1 of 6

24th E-Filed: 06/10/2022 09:39 Div:F Case: 829115 Div:F Atty:017159 JERRY W SULLIVAN

Defendant, Sparks, for the claims such as those made the subject of Plaintiffs' action.

2.

At all times and specifically on the date of this incident, Sparks, the owner of the vehicle and the employer of Michael Weisneberger, had in full force and effect a liability policy of insurance issued by CNA, policy no. 7015563761 that provided coverage to Sparks employees and the same are responsible to the Plaintiffs for damages suffered herein.

3.

At all times and specifically on the date of this incident, the owner of the vehicle, Sparks, also the employer of Michael Weisneberger, had in full force and effect an excess liability policy of insurance issued by Arch, policy number: UXP104657100, that provided coverage to its employees and the same are responsible to the Plaintiffs for damages suffered herein in excess of those covered by the insurance policy issued by CNA.

4.

On September 15, 2021, at approximately 7:50 a.m., Plaintiff, Jacob Dubois (hereinafter referred to as "Dubois") was operating a vehicle, traveling eastbound on LA 18 near milepost 66.10, which is also known as River Road, located in Jefferson Parish, which is within the jurisdictional territory of this Court.

5.

Defendant, Weisinger, was at the same time and place above described, traveling westbound on LA18, while in the course and scope of his employment on behalf of Sparks and operating a 2014 International 4300 commercial vehicle bearing VIN 3HAMMAANOEL498275, which vehicle was owned/operated by his employer, Sparks, DOT No. 2399351.

6.

While  traveling westbound on LA18, Weisinger's vehicle crossed over the yellow "no passing" line and was traveling towards Dubois's vehicle with reckless disregard for the safety of others.

7.

It became apparent to Plaintiff that the vehicle operated by Weisinger was going to strike him causing Plaintiff, Dubois, to veer to the right off of the road into the grassy area to avoid the collision, all to no avail as Weisinger's vehicle continued into Dubois's travel lane crashed into the

driver's side of Dubois's vehicle, which impact caused Dubois's vehicle to spin counterclockwise and stop a few feet into the grassy area.

8.

After the crash, Weisinger's vehicle continued to travel westbound and into a ditch prior to coming to a stop.

9.

At the time of the accident and all times material thereto, Defendant, Weisinger, was intoxicated while operating his vehicle, causing him to drive in a wanton or reckless manner without regard for the rights, safety, and well being of others and himself.

10.

Due to his intoxicated condition and the grossly negligent operation of his vehicle, Weisinger drove his vehicle directly into Plaintiff's vehicle.

11.

The collision caused Plaintiff to sustain serious and debilitating injuries to his body including, but not limited to, severe neck and back pain, headaches, with radiating problems to his extremities, severe post traumatic stress, anxiety, and other injuries.

12.

Plaintiffs allege that the above-described motor vehicle accident was caused solely and proximately by the negligence, fault imprudence, gross negligence, reckless or wanton behavior, and lack of attention on the part of the Defendant, Weisinger, said fault consisting of one or more of the following wrongful acts or omissions, which are illustrative and not exclusive, and which if inconsistent are pleaded in the alternative:

A. Driving while intoxicated;

B. Driving a motor vehicle while intoxicated and causing serious bodily injury to another person;

C. Driving recklessly in violation of applicable laws;

D. Failing to operate his vehicle at a reasonable and prudent rate of speed under the conditions;

E. Failing to maintain control of his vehicle as necessary to avoid colliding with another person or vehicle;

F. Failing to drive at an appropriate reduced speed where a special hazard existed with regard to traffic, including highway conditions;

G.    Failing to maintain a clear and reasonable distance between Plaintiff's vehicle and the other vehicles which would permit Defendant to bring his vehicle to a safe stop without colliding into other vehicles;

H.    Consuming alcohol with intent to drive;

I.    Driving while under the influence of alcohol;

J.    Failing to abide by the laws of the State of Louisiana, which constitutes negligence per se;

K.    Failing to apply his brakes in a timely and prudent manner to avoid the collision;

L.    Failing to take proper evasive action to avoid the collision;

M.    Failing to keep a proper lookout that would have been maintained by a driver of ordinary prudence under the same or similar circumstances;

N.    Failing to drive in a reasonable and prudent manner;

O.    Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

P.    Failing to proceed cautiously under the circumstances;

Q.    Proceeding too fast under the circumstances;

R.    Failing to stop when he should have stopped;

S.    Failing to see what he should have seen;

T.    Failing to see the imminence of an accident and to take steps to avoid the same;

U.    Driving recklessly and carelessly without care or circumspection, thereby causing damage to the property and health of others; and

V.    All other acts of negligence, gross negligence, and/or reckless and wanton disregard for the safety of others which will be proven at trial.

All of which acts of negligence, gross negligence, and/or reckless and wanton disregard for the safety of others are in violation of the ordinances of the Parish of Jefferson and the Statutes of Louisiana, that are specifically pleaded as if copied *in extenso*.

13.

As a result of the collision described above, Dubois experienced injuries to his back, neck, head, and other parts of his body, and caused him extreme physical pain, discomfort and disability, trauma and anxiety, which injuries continue to cause him pain and discomfort.

14.

The Plaintiff has been forced to undergo medical treatment and medical procedures to his back and neck and has suffered and will continue to suffer restrictions and limitations on his

activities.

15.

Plaintiff has suffered special damages in the form of medical expenses incurred as a result of the collision, loss of income, and will continue to incur medical expenses and loss of income into the future as a result of the collision.

16.

As a result of the subject accident, Plaintiff, Dubois has experienced physical injuries and monetary losses in the following respects for which Defendants are jointly, severally, and solidarily liable:

    A.    Past, present and future pain and suffering;

    B.    Past, present and future post traumatic stress, anxiety, and mental anguish;

    C.    Past, present and future medical expenses;

    D.    Past, present and future disability;

    E.    Past, present and future loss of enjoyment of life;

    F.    Past, present and future impairment of earnings capacity; and

    G.    Past, present and future loss wages.

17.

Defendant, Weisinger, was cited and arrested for a DWI violation, as well as reckless operation of a vehicle. Weisinger plead guilty to such charges in Case No. S1405570 for the Second Parish Court for the Parish of Jefferson, State of Louisiana

18.

Louisiana Civil Code Article 2315.4 allows for punitive damages in instances where the at-fault party was under the influence of drugs or alcohol. In order to prevail, the Plaintiff must prove that (1) the Defendant was operating a motor vehicle while intoxicated, (2) that the Defendant's intoxication was the cause of the injuries to the Plaintiff, and (3) that the Defendant's conduct was wanton or reckless. Despite its civil law traditions, Louisiana Law provides for punitive damages here to punish the drunk drivers and to deter others from driving under the influence.

19.

Plaintiff, Kelci Martinez Dubois, Jacob Dubois's wife, has incurred damages as a result of the aforedescribed accident. Her damages include, but are not limited to, mental anguish, economic

damages, loss of consortium, which includes, but is not limited to, services, support, affection and care.

**WHEREFORE**, Plaintiffs, **KELCI MARTINEZ DUBOIS, WIFE OF/AND JACOB DUBOIS**, prays that after due proceedings are conducted and all the legal delays have expired there be judgment in their favor and against Defendants, Weisenger, Sparks, CNA, and Arch, individually, jointly, severally, and in solido in the amount to be proven at trial, including exemplary damages, plus legal interest from the date of judicial demand and for all costs for these proceedings.

RESPECTFULLY SUBMITTED,

**SULLIVAN, DUPRÉ & SOLOUKI**

JERRY W. SULLIVAN (17159)
Three Lakeway Center, Suite 3010
3838 North Causeway Blvd.
Metairie, LA  70002
Telephone (504) 830-3990
Email: jwsullivan@sdslawllc.com

**PLEASE SERVE:**

**Mitchell Quaid Weisinger**
64446 E 1785 Road
Wyandotte, OK 74370
**Louisiana Long Arm Service**

**SPARKS ENERGY**, INC.,
through its registered agent:
Ottis J. Sparks
1370 Kirby Bridge Road, Danville, AL 35619
**Louisiana Long Arm Service**

**CONTINENTAL CASUALTY COMPANY**
through agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809

**ARCH INSURANCE COMPANY**
through agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809