UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELCI MARTINEZ DUBOIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2510** |
| **MITCHELL QUAID WEISINGER, ET AL.** | **SECTION: D (3)** |

**ORDER and REASONS**

On May 16, 2024, in response to the parties filing their disclosure statements pursuant to Federal Rule of Civil Procedure 7.1[1] and the removing defendants filing an Amended Notice of Removal,[2] this Court issued an Order giving the remaining parties to this litigation an opportunity to submit supplemental memoranda addressing why this case should not be remanded to state court for lack of diversity jurisdiction under 28 U.S.C. § 1332.[3] On May 23, 2024, Kelci Martinez Dubois and Jacob Dubois (collectively, "Plaintiffs"), filed a Supplemental Memorandum stating that they do not believe that the Court has diversity jurisdiction and that they do not oppose remand.[4] As of the date of this Order and Reasons, no other party has filed a supplemental memorandum.

After consideration of the Amended Notice of Removal, the Rule 7.1 disclosure statements, and the applicable law, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332 and that this matter must be **REMANDED** to

---

[1] R. Docs. 79, 81, 84, 87, 88, & 89.
[2] R. Doc. 86.
[3] R. Doc. 91.
[4] R. Doc. 92.

the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about June 10, 2022, Plaintiffs filed a Petition in state court against Mitchell Quaid Weisinger, Sparks Energy, Inc., Continental Casualty Company, and Arch Insurance Company, seeking damages for the injuries they sustained in a motor vehicle accident that occurred on or about September 15, 2021.[5] According to the Petition, Weisinger was the driver of the vehicle that crashed into the Plaintiffs' vehicle, and he was cited and arrested for a DWI violation and pled guilty to the charges in Louisiana state court.[6] Plaintiffs allege that Weisinger was acting in the course and scope of his employment with Sparks Energy, Inc. ("Sparks") at the time of the accident, that Continental Casualty Company ("Continental") provided commercial automobile liability insurance to Sparks, and that Arch Insurance Company ("Arch") provided excess insurance to Sparks.[7]

Weisinger, Sparks, and Continental removed the matter to this Court on August 4, 2022, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[8] The case was initially assigned to another Section of this Court.[9] Weisinger, Sparks, and Continental asserted in the Notice of Removal that there was complete diversity of citizenship between the parties because Plaintiffs are both domiciled in Louisiana,

---

[5] R. Doc. 1-1.
[6] *Id*. at ¶¶ 4-10.
[7] *Id*. at ¶ 1.
[8] R. Doc. 1 at ¶¶ 4-5.
[9] R. Doc. 2.

Weisinger is domiciled in Oklahoma Sparks is a citizen of Delaware and Alabama, Continental is a citizen of Delaware and Illinois, and Arch is a citizen of Missouri and New Jersey.[10] Weisinger, Sparks, and Continental further alleged that for purposes of diversity jurisdiction, intervenor, National Union Fire Insurance Company of Pittsburgh ("National Union"), is a citizen of Pennsylvania and intervenor, Bronco Industrial Services, LLC ("Bronco"), is a citizen of Louisiana.[11] Both National Union and Bronco had intervened while the matter was pending in state court.[12] The removing defendants did not specify whether the intervenors were aligned with the plaintiffs or the defendants in this matter, but alleged that Bronco's citizenship did not destroy diversity jurisdiction because it is not an indispensable party under Louisiana law.[13] The removing defendants further alleged that it was facially apparent from the Petition that the amount in controversy was met based upon the categories of damages sought by the Plaintiffs in their Petition.[14]

Following the removal of the matter, Plaintiffs filed an Amended Complaint on September 28, 2022, to properly name Arch Specialty Insurance Company, previously identified as Arch Insurance Company, as a defendant.[15]

On March 16, 2023, Plaintiffs moved for leave to file a second amended complaint to add three excess insurance carriers, Endurance American Specialty Insurance Company ("Endurance"), Indemnity National Insurance Company

---

[10] R. Doc. 1 at ¶¶ 9-11.
[11] *Id.* at ¶¶ 12-13.
[12] R. Doc. 1-9.
[13] R. Doc. 1 at ¶ 13.
[14] *Id.* at ¶¶ 16-17.
[15] R. Doc. 29.

("Indemnity National"), and Navigators Specialty Insurance Company ("Navigators"), as additional defendants.[16] Neither the motion nor the proposed second amended complaint addressed the citizenship of the three new defendants, or whether their addition would impact the Court's diversity jurisdiction.[17] The proposed second amended complaint also did not reference the intervenors, Bronco and National Union.[18] Notably, Plaintiffs' motion for leave was unopposed.[19] On March 17, 2023, the Court granted the motion,[20] and the Second Amended Complaint was filed into the record that same day.[21] Endurance, Indemnity National, and Navigators have all made an appearance in this matter by filing responsive pleadings to the Second Amended Complaint.[22]

On April 11, 2024, after being advised that a partial settlement had been reached between Plaintiffs, Continental, Arch Specialty Insurance Company, and Navigators, the Court issued an Order of Partial Dismissal, dismissing without prejudice Continental, Arch Specialty Insurance Company, and Navigators from the litigation.[23] Thus, as of April 11, 2024, the remaining parties to this litigation include Plaintiffs, National Union, Bronco, Weisinger, Sparks, Endurance, and Indemnity National.

---

[16] R. Doc. 37.
[17] *See, generally*, R. Docs. 37 & 37-2.
[18] R. Doc. 37-2.
[19] R. Doc. 37 at ¶ 4.
[20] R. Doc. 38.
[21] R. Doc. 39.
[22] R. Docs. 50, 54, & 59.
[23] R. Doc. 69.

On April 19, 2024, the case was reassigned to this Section.[24] Upon receipt of the case, the undersigned promptly set a telephone status conference for May 2, 2024 to discuss the status of the case.[25] During that conference, the Court raised concerns regarding whether diversity jurisdiction exists between the remaining parties in this case under 28 U.S.C. § 1332.[26] As a result of that discussion, the Court issued an Order requiring Sparks and Weisinger (collectively, the "Removing Defendants"), to file an amended notice of removal to properly allege the citizenship of the parties, to allege facts showing the amount in controversy was met at the time of removal on August 4, 2022, and to specify whether the intervenors, National Union and Bronco, are aligned with the plaintiffs or the defendants in this matter.[27] The Court also issued an Order requiring all of the remaining parties to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1.[28]

Pursuant to that Order, the Removing Defendants filed an Amended Notice of Removal on May 13, 2024.[29] In the Amended Notice of Removal, Removing Defendants allege that, for purposes of diversity jurisdiction, Plaintiffs are Louisiana citizens, Weisinger is a citizen of Oklahoma, Sparks is a citizen of Delaware and Alabama, Continental is a citizen of Delaware and Illinois, Arch is a citizen of

---

[24] R. Doc. 71.
[25] R. Doc. 72.
[26] R. Doc. 80.
[27] *Id.* at p. 4.
[28] *Id.*
[29] R. Doc. 86.

Missouri and New Jersey,[30] and Endurance is a citizen of Delaware and New York.[31] The Removing Defendants further assert that for purposes of diversity jurisdiction, National Union is a citizen of Pennsylvania and New York and Bronco is a citizen of Louisiana.[32] As in the original Notice of Removal, the Removing Defendants allege that Bronco's citizenship should be disregarded for diversity purposes because it is not an indispensable party under Louisiana law.[33] The Removing Defendants further assert that the intervenors are aligned with the Plaintiffs in this matter and, as such, their citizenship does not interfere with the Court's diversity jurisdiction.[34] Notably, the Removing Defendants do not address the fact that, for purposes of diversity jurisdiction, National Union and Endurance are both citizens of New York.[35]

Pursuant to the Court's May 2, 2024, Order, the remaining parties to the litigation also filed their Fed. R. Civ. P. 7.1 disclosure statements.[36] These filings confirmed, for purposes of diversity jurisdiction, that Plaintiffs are citizens of Louisiana,[37] Bronco is a Louisiana citizen, Weisinger is a citizen of Oklahoma,[38] Sparks is a citizen of Delaware and Alabama,[39] National Union is a citizen of

---

[30] Although Continental and Arch were dismissed without prejudice from the litigation on April 11, 2024, they were named defendants when the matter was removed to this Court on August 4, 2022 and, therefore, were properly included in the Amended Notice of Removal. *See*, R. Doc. 1.
[31] R. Doc. 86 at ¶ 11. The Removing Defendants point out that Endurance was named as a defendant after the case was removed to this Court, but that Endurance remains a defendant at this time. *Id*. at ¶ 11(e).
[32] *Id*. at ¶¶ 12-13.
[33] *Id*. at ¶¶ 14-15.
[34] *Id*. at ¶¶ 15-16.
[35] *See*, *Id*. at ¶¶ 11(e) & 12.
[36] *See*, R. Docs. 79, 81, 84, 87, 88, & 89.
[37] R. Doc. 79.
[38] R. Doc. 88.
[39] R. Doc. 87.

Pennsylvania and New York,[40] and Endurance is a citizen of Delaware and New York,[41] and Indemnity National is a citizen of Mississippi and Tennessee.[42] On May 14, 2024, after being advised that a settlement had been reached between Plaintiffs and Indemnity National, the Court issued an Order dismissing without prejudice Indemnity National from this litigation.[43] The Court finds a chart helpful to understand the citizenship of the remaining parties.

| Plaintiffs | | Defendants | |
|---|---|---|---|
| Party | State(s) of Citizenship | Party | State(s) of Citizenship |
| Kelci Dubois | LA | Mitchell Weisinger | OK |
| Jacob Dubois | LA | Sparks Energy, Inc. | DE, AL |
| Bronco Indus. Servs., LLC | LA | Endurance Am. Spec. Ins. Co. | DE, NY |
| Nat. Union Fire Ins. Co. | PA, NY | | |

Based upon the Amended Notice of Removal and the Rule 7.1 disclosure statements filed by the parties, the Court determined that the plaintiffs in this matter (Plaintiffs, Bronco, and National Union) are citizens of Louisiana, Pennsylvania, and New York, and the defendants (Weisinger, Sparks, and Endurance) are citizens of Oklahoma, Delaware, New York, and Alabama. Noting the apparent overlap of citizenship, the Court issued an Order on May 16, 2024, *sua sponte* giving the remaining parties to the litigation an opportunity to file supplemental memoranda addressing the Court's diversity jurisdiction under 28 U.S.C. § 1332.[44] Plaintiffs filed a Supplemental Memorandum on May 23, 2024, asserting that they do not believe

---

[40] R. Doc. 81.
[41] R. Doc. 84.
[42] R. Doc. 89.
[43] R. Doc. 90.
[44] R. Doc. 91.

that the Court has diversity jurisdiction and that they do not oppose remand.[45] As of the date of this Order and Reasons, no other party has filed a supplemental memorandum regarding the Court's subject matter jurisdiction.

## II.  LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.[46] For this reason, "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[47] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[48] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[49] Remand is proper if at any time before final judgment the court lacks subject matter jurisdiction.[50] Further, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[51] The Fifth Circuit has held that this provision "indicates that the court may not permit joinder of non-diverse defendants but then decline to remand . . . ."[52] The Fifth Circuit

---

[45] R. Doc. 92.
[46] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (citing authority).
[47] *Id.* (citation and internal citation omitted).
[48] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[49] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[50] *See,* 28 U.S.C. § 1447(c).
[51] 28 U.S.C. § 1447(e).
[52] *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir 1999) (citation omitted).

further held that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable."[53]

Based upon the Amended Notice of Removal and the Fed. R. Civ. P. 7.1 disclosure statements recently filed into the record, the Court finds that diversity jurisdiction existed at the time of removal on August 4, 2022. Complete diversity of citizenship existed because the Plaintiffs are citizens of Louisiana and the original defendants, Weisinger, Sparks, Continental, and Arch, are citizens of Delaware, Alabama, Oklahoma, Illinois, Missouri, and New Jersey.[54]

In the Amended Notice of Removal filed on May 13, 2024, the Removing Defendants assert that the intervenors, Bronco and National Union, are properly aligned with the plaintiffs in this matter.[55] The Court agrees. According to the Petition of Intervention filed in the state court proceeding prior to removal, Bronco and National Union assert that they "have paid Plaintiff workers' compensation benefits, medical expenses, and other benefits, payments and expenses under the Louisiana Workers' Compensation Act."[56] Bronco and National Union further assert that, by virtue of the payments they have made to Mr. Dubois, they are subrogated to the rights of Mr. Dubois to the extent of all amounts they have paid to and/or on behalf of Mr. Dubois and any additional amounts they may pay in the future to and/or

---

[53] *Id. See, Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180-81 (5th Cir. 1987) (holding that post-removal joinder of a nondiverse party will defeat jurisdiction). The Court notes that Federal Rule of Civil Procedure 19 pertains to "Required Joinder of Parties."
[54] R. Docs. 1, 79, 86, 87, & 88.
[55] R. Doc. 86 at ¶¶ 15-16.
[56] R. Doc. 1-9 at ¶ III.

on behalf of Mr. Dubois.[57] As explained by another Section of this Court, "An intervenor who has paid workers compensation benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations from a third-party tortfeasor, is properly aligned with the Plaintiff."[58] Further, "Courts in this circuit have repeatedly found that insurers or employers that have paid plaintiffs' workers' compensation benefits are intervenors of right under Rule 24(a)(2) and indispensable parties under Rule 19(a)."[59] The Court finds that, to the extent Bronco and National Union have already paid workers' compensation benefits and may owe additional benefits in the future, it is in their interest for Plaintiffs to maximize their recovery against the defendants in this case. As such, the Court finds that Bronco and National Union were aligned with the Plaintiffs at the time of removal.[60] Accordingly, there was complete diversity of citizenship at the time of removal because the plaintiffs (Plaintiffs, Bronco, and

---

[57] *Id.* at ¶¶ IV-VIII.  The Court notes that Bronco and National Union also assert that their interest in the outcome of this suit "is opposed to the Plaintiff's and Defendants' interest to the extent that Intervenors are entitled to recover from Plaintiff and Defendants in an amount equal to or exceeding the payments made by them to and/or on behalf of the Plaintiff as set forth hereinabove." *Id.* at ¶ IX.
[58] *Balboa v. Metso Minerals Industries, Inc.*, Civ. A. No. 18-9968, 2019 WL 8888170, at *3 (E.D. La. Jan. 2, 2019) (Morgan, J.) (citing *Norwood v. Grocers Supply Co., Inc.*, Civ. A. No. 12-751, 2013 WL 686410 (W.D. La. Feb. 25, 2013) (Kay, M.J.); *Dushane v. Gallagher Kaiser Corp.*, Civ. A. No. 05-0171, 2005 WL 1959151 (W.D. La. Aug. 10, 2005) (Hornsby, M.J.)).  *See, Johnson v. Agility Fuel Sys., Inc.*, Civ. A. No. 20-733-SDD-RLB, 2021 WL 4693235, at *3 (M.D. La. Sept. 7, 2021) (Bourgeois, M.J.) ("In light of this jurisprudence, district courts in this Circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors.") (citing *Fulford v. Climbtek, Inc.*, Civ. A. No. 16-16, 2016 WL 7173780, at *5 (M.D. La. Dec. 8, 2016) (Wilder-Doomes, M.J.); *Johnson v. Qualawash Holdings, LLC*, 990 F. Supp. 2d 629, 640 (W.D. La. Jan. 6, 2014); *Youngblood v. Rain CII Carbon LLC*, Civ. A. No. 12-287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (Kay, M.J.)).
[59] *Fuselier v. Everest National Insurance*, Civ. A. No. 19-1456, 2020 WL 1539879, at *2 (W.D. La. Mar. 4, 2020) (Kay, M.J.) (citing *Qualawash*, 990 F. Supp. 2d at 640; *Youngblood*, Civ. A. No. 12-287, 2014 WL 2547588 at *3; *Brown v. Pennsylvania Lumbermans Mut. Inc. Co.*, Civ. A. No. 16-469-BAJ-EWD, 2016 WL 7175619, at *3 (M.D. La. Dec. 8, 2016) (Wilder-Doomes, M.J.)).
[60] *Agility Fuel Sys., Inc.*, Civ. A. No. 20-733-SDD-RLB, 2021 WL 4693235 at *3 (citing authority).

National Union) were citizens of Louisiana, Pennsylvania, and New York, and the defendants (Weisinger, Sparks, Continental, and Arch) were citizens of Oklahoma, Delaware, Alabama, Illinois, Missouri, and New Jersey. The amount in controversy was also satisfied at the time of removal, as set forth in the Amended Notice of Removal.[61]

When Plaintiffs subsequently filed their Second Amended Complaint on March 17, 2023, however, the Court lost diversity jurisdiction in this matter. Specifically, the Second Amended Complaint named three new defendants, Endurance, Indemnity National, and Navigators.[62] Endurance is a citizen of Delaware and New York.[63] When Endurance was added as a defendant, National Union, which was aligned with the Plaintiffs, was a citizen of Pennsylvania and New York.[64] Diversity of citizenship was destroyed at that time. Pursuant to 28 U.S.C. § 1447(e)[65] and clear Fifth Circuit authority,[66] when the Court granted Plaintiffs' motion for leave to file their second amended complaint to name Endurance as an additional defendant, the Court was required to remand the matter for lack of subject matter jurisdiction.[67] The Fifth

---

[61] R. Doc. 86 at ¶¶ 18-20.
[62] R. Doc. 39 at ¶ 1(e), (f), & (g).
[63] R. Doc. 84 at ¶ 1.
[64] R. Doc. 81. The Court notes that the Second Amended Complaint does not mention the intervenors, Bronco and National Union. *See, generally*, R. Doc. 39.
[65] Section 1447(e) states that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."
[66] *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("We agree with the Cobbs that post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable."); *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180-81 (5th Cir. 1987) ("[A]ddition of a nondiverse party will defeat jurisdiction.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)).
[67] *Cobb*, 186 F.3d at 677.

Circuit has made clear that, "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[68] The Fifth Circuit has further recognized that by giving a district court only two options, 28 U.S.C. § 1447(e) "indicates that the court may not permit joinder of non-diverse defendants but then decline to remand, as the court did here."[69] The Fifth Circuit explained that, "In adopting the current version of § 1447(e), Congress rejected a version that would have permitted district courts to join non-diverse defendants and, at their discretion, retain jurisdiction."[70]

Because complete diversity of citizenship is lacking between the remaining parties in this matter, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. While it is never desirable to remand an action to state court after nearly two years of litigation in federal court, the Court cannot, and will not, turn a blind eye to 28 U.S.C. § 1447(e) and binding Fifth Circuit authority, which require this Court to remand the matter to state court for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 30, 2024.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[68] *Hensgens*, 833 F.2d at 1181 (citing *Kroger*, 347 U.S. at 374, 98 S.Ct. at 2403).
[69] *Cobb*, 186 F.3d at 677 (footnote omitted).
[70] *Cobb*, 186 F.3d at 677 (citation omitted).